Martin Ellison (CA Bar No. 292060)
    martin.ellison@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant
*BMW of North America, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>Defendant. | CASE NO.  2:21-CV-06796-MCS(AGRx)<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF ONSCREEN DYNAMICS, LLC'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:      Hon. Mark C. Scarsi |

Defendant BMW of North America, LLC ("BMW NA") hereby answers the numbered paragraphs of the Complaint of Onscreen Dynamics, LLC ("Onscreen" or "Plaintiff") as follows:

## NATURE OF THE CASE[1]

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**Answer to Paragraph 1:** **BMW NA admits that Plaintiff purports to bring an action for patent infringement. BMW NA denies that Plaintiff is entitled to any relief, and expressly denies infringement of the asserted patents.**

## THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 717 N. Union Street, Wilmington, DE 19805.

**Answer to Paragraph 2:** **BMW NA lacks information and knowledge regarding the allegations in this paragraph, and on that basis denies them.**

3. Upon information and belief BMW is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 300 Chestnut Ridge Road, Woodcliff, NJ 07677. Upon information and belief, BMW sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.]

---

[1] BMW NA's Replication of the headings in the Complaint are merely for convenience and are not to be considered an admission of their accuracy. Accordingly, BMW NA denies them on this basis.

**Answer to Paragraph 3:**      **BMW NA admits that it is an LLC organized under the laws of the State of Delaware and that it maintains a place of business at 300 Chestnut Ridge Road, Woodcliff, NJ, 07677. BMW NA admits that it imports and distributes BMW brand vehicles and distributes those vehicles to dealers in the United States.  Except as expressly admitted, BMW NA denies the remaining allegations of this paragraph.**

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

**Answer to Paragraph 4:**      **BMW NA admits this paragraph purports to state a cause of action under the Patent Laws of the United States. BMW NA denies that Plaintiff is entitled to any relief, and expressly denies infringement of the asserted patents.**

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Paragraph 5:**      **BMW NA admits that this Court has subject matter jurisdiction in this case.**

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). BMW maintains an established place of business in the state of California and the Central District of California, specifically including BMW-owned facilities at 5650 Arcturus Ave, Oxnard, CA 93033, and 2201 Corporate Center Drive, Newbury Park, CA 91320 in this District.

**Answer to Paragraph 6:**      **BMW NA admits that it maintains places of business in this District, and for purposes of this action alone BMW NA does not contest that venue is proper in this jurisdiction.  BMW NA denies that this jurisdiction is convenient.  Except as expressly admitted, the remaining allegations of this paragraph are denied.**

DLA Piper LLP (US)
Los Angeles

BMW NA ANSWER TO THE COMPLAINT
2:21-CV-06796-MCS-AGR

7.     On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of California and this District, pursuant to due process and/or the because Defendant purposefully availed itself of the privileges of conducting business in the State of California and in this District, because Defendant regularly conducts and solicits business within the State of California and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of California and this District. Having purposefully availed itself the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

**Answer to Paragraph 7:        BMW NA admits that it conducts business in this District, and for purposes of this action alone BMW NA does not contest personal jurisdiction.  BMW NA denies that this jurisdiction is convenient.  Except as expressly admitted, the remaining allegations of this paragraph are denied**

8.     Defendant has committed acts of infringement within the state of California, as alleged herein.

**Answer to Paragraph 8:        Denied.**

9.     For the above reasons, personal jurisdiction exists and venue is proper in this Court for Defendant.

**Answer to Paragraph 9:        For purposes of this action alone, BMW NA does not contest personal jurisdiction or venue.  BMW NA denies that this jurisdiction is convenient.  Except as expressly admitted, the remaining allegations of this paragraph are denied.**

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,395,917**

10.     The allegations set forth in paragraphs 1 through 9 are incorporated in this First Claim for Relief.

-3-

DLA PIPER LLP (US)
LOS ANGELES

BMW NA ANSWER TO THE COMPLAINT
2:21-CV-06796-MCS-AGR

**Answer to Paragraph 10:**     **BMW NA repeats its responses to the allegations set forth above.**

11.    On July 19, 2016, U.S. Patent No. 9,395,917 ("the '917 patent"), entitled "Electronic Display with a Virtual Bezel," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '917 patent is attached as Exhibit A.

**Answer to Paragraph 11:**     **BMW NA admits that the face of the '917 patent indicates that it issued on July 19, 2016 and is entitled "Electronic Display with a Virtual Bezel."  BMW NA admits that Plaintiff has attached a copy of what appears to be the '917 patent to its Complaint. BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

12.    The inventions of the '917 patent resolve technical problems related to how to prevent unintended registering of touching of a touchscreen electronic display, and thereby avoid unintended actions. Those problems also included placing components and controls, for example a camera, a speaker, or sensors to avoid obstruction of the content on the touchscreen display. Those problems further included increasing or maximizing display area while providing functionality of a physical bezel. See, e.g., '917 patent at 1:21–59.

**Answer to Paragraph 12:**     **BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

13.    The technological improvements described and claimed in the '917 patent were not conventional or generic at the time of their invention, but rather required novel and non-obvious solutions to problems and shortcomings in the art at the time. *See, e.g.,* '917 patent at 1:21-9:41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different

modes of response to certain touch-based inputs.

**Answer to Paragraph 13:**    **BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

14.    The inventions claimed in the '917 patent cover more than just the performance of well-understood, routine or conventional activities known in the art. *See, e.g.,* '917 patent at 1:21-9:41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 14:**    **BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

15.    The '917 patent claims inventions that provide technological solutions to technological problems. The written description of the '917 patent describes in technical detail each of the elements of the claims, including a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 15:**    **BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

16.    Each of the claims of the '917 patent capture the improvements described and illustrated in the specification. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 16:**    **BMW NA responds that the '917 patent**

**speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

17.     The written description describes each of the elements such that persons of ordinary skill in the art understand what the claims and their elements cover and how the non-conventional and non-generic combination of claim elements differ markedly from, and improved upon, the art. See, e.g., '917 patent at 1:21-9:41. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 17:      BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

18.     Technology leaders including Microsoft Technology Licensing LLC, Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have cited the '917 patent as a reference over 20 times. *See* https://patents.google.com/patent/US9395917B2/en (last accessed April 13, 2021); 37 CFR 1.104, Nature of Examination ("the examiner must cite the best references at his or her command.").

**Answer to Paragraph 18:      BMW NA lacks information and knowledge regarding the allegations in this paragraph, and on that basis denies them.**

19.     Viewed in light of the specification of the '917 patent, the claims are not directed to basic tools of scientific and technological work, nor are they directed to a fundamental economic practice. *See, e.g.,* '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

DLA Piper LLP (US)
Los Angeles

BMW NA ANSWER TO THE COMPLAINT
2:21-CV-06796-MCS-AGR

**Answer to Paragraph 19:    BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

20.    The claims of the '917 patent are not directed to the use of an abstract mathematical formula. *See, e.g.,* '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 20:    BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

21.    The claims of the '917 patent are not directed to the use of a general-purpose computer. *See, e.g.,* '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 21:    BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

22.    The claims of the '917 patent are not directed to implementation of a mathematical formula. *See, e.g.,* '917 patent at col. 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the '917 patent were deemed novel and non-obvious, demonstrating (among other reasons) the non- conventionality of the technology described and claimed in the '917 patent.

**Answer to Paragraph 22:    BMW NA responds that the '917 patent**

DLA Piper LLP (US)
Los Angeles

**speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

23.    The claims of the '917 patent are not directed to generalized steps to be performed on a computer using conventional activity. See, e.g., '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 23:    BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

24.    The claims of the '917 patent are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. See, e.g., '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 24:    BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

25.    The claims of the '917 patent do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.,* '917 patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display screen having a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 25:    BMW NA responds that the '917 patent speaks for itself.  BMW NA denies the remaining allegations of this**

1    paragraph, in part based on lack of knowledge.

2    26.    The claims of the '917 patent do not preempt the field of their

3    inventions or preclude the use of other methods and systems because the claims

4    recite specific elements that include more than the performance of well-understood,

5    routine, and conventional activities previously known to the art. *See, e.g.,* '917

6    patent at 1:21-12:21. For example, claim 1 of the '917 patent is directed to a display

7    screen having a virtual bezel area and an active touchscreen region, both of which

8    display portions of content but have different modes of response to certain touch-

9    based inputs.

10    **Answer to Paragraph 26:**    **BMW NA responds that the '917 patent**

11    **speaks for itself.  BMW NA denies the remaining allegations of this**

12    **paragraph, in part based on lack of knowledge.**

13    27.    Plaintiff is the assignee and owner of the right, title and interest in and

14    to the '917 patent, including the right to assert all causes of action arising under

15    said patents and the right to any remedies for infringement of them.

16    **Answer to Paragraph 27:**    **BMW NA lacks information and**

17    **knowledge regarding the allegations in this paragraph, and on that basis**

18    **denies them.**

19    28.    Upon information and belief, Defendant has and continues to directly

20    infringe at least claims 1-3 of the '917 patent by making, using, selling, importing

21    and/or providing and causing to be used vehicles with electronic devices having

22    touchscreen capabilities, including the use of a virtual bezel (the "Accused

23    Instrumentalities"), as set forth in detail in the attached preliminary and exemplary

24    claim charts provided in Exhibit C.

25    **Answer to Paragraph 28:**    **Denied.**

26    29.    The Accused Instrumentalities identified in Exhibit C are examples

27    that were identified based on publicly available information. Plaintiff reserves its

28    right to identify additional infringing activities, products, and services, including,

for example, on the basis of information obtained during discovery and as Defendant introduces new infringing devices through the end of trial.

**Answer to Paragraph 29:** **BMW NA lacks information and knowledge regarding the allegations in this paragraph, and on that basis denies them.**

30.    The Accused Instrumentalities include a display screen having a virtual bezel suitable for use as part of an electronic device where the display screen includes: (a) a virtual bezel area, having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user of the display screen, the virtual bezel area functioning to display a first portion of content on the display screen; (b) an active touchscreen region substantially disposed within the virtual bezel area, the active touchscreen region having a touchscreen layer with a second mode of response to the first set of touch-based inputs from the user of the display screen, the active touchscreen region functioning to display a second portion of the content on the display screen; and (c) a gestural software application in communication with the display screen having a virtual bezel, the gestural software application functioning to produce the first mode of response in the virtual bezel area, wherein the first mode of response is configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of the second portion of the content on the active touchscreen region. See attached claim charts for the '917 patent, Exhibit C.

**Answer to Paragraph 30:** **Denied.**

31.    On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers, and end users across the country and in this District.

**Answer to Paragraph 31:** **BMW NA admits that it imports and sells BMW brand vehicles to independent dealers in this District. BMW NA denies that it has committed any acts of infringement and denies the**

-10-

1    **remaining allegations of this paragraph.**

2    32.    Plaintiff has been harmed by Defendant's infringing activities.

3    **Answer to Paragraph 32:        Denied.**

4    <u>**COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,645,663**</u>

5    33.    The allegations set forth in the foregoing paragraphs 1 through 32 are

6    incorporated into this Second Claim for Relief.

7    **Answer to Paragraph 33:        BMW NA repeats its responses to the**

8    **allegations set forth above.**

9    34.    On May 9, 2017, U.S. Patent No. 9,645,663 ("the '663 patent"),

10    entitled "Electronic Display with a Virtual Bezel," was duly and legally issued by

11    the United States Patent and Trademark Office. A true and correct copy of the '663

12    patent is attached as Exhibit B.

13    **Answer to Paragraph 34:        BMW NA admits that the face of the '663**

14    **patent indicates that it issued on May 9, 2017 and is entitled "Electronic**

15    **Display with a Virtual Bezel."  BMW NA admits that Plaintiff has**

16    **attached a copy of what appears to be the '663 patent to its Complaint.**

17    **BMW NA denies the remaining allegations of this paragraph, in part**

18    **based on lack of knowledge.**

19    35.    The inventions of the '663 patent resolve technical problems related to

20    how to prevent unintended registering of touching of a touchscreen electronic

21    display, and thereby avoiding unintended actions. Those problem also included

22    placing components and controls, for example a camera, a speaker, or sensors to

23    avoid obstruction of the content on the touchscreen display. Those problems further

24    included increasing or maximizing display area while providing functionality of a

25    physical bezel. See, e.g., '663 patent at 1:21-59.

26    **Answer to Paragraph 35:        BMW NA responds that the '663 patent**

27    **speaks for itself.  BMW NA denies the remaining allegations of this**

28    **paragraph, in part based on lack of knowledge.**

-11-

36.    The technological improvements described and claimed in the '663 patent were not conventional or generic at the time of their invention, but rather required novel and non- obvious solutions to problems and shortcomings in the art at the time. See, e.g., '663 patent at 1:21-9:41. For example, claim 1 and 14 of the '663 patent are directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. Moreover, the prior art includes touch screen displays, yet the claims of the '663 patent were deemed novel and non-obvious, demonstrating (among other reasons) the non-conventionality of the technology described and claimed in the '663 patent.

**Answer to Paragraph 36:**    **BMW NA responds that the '663 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

37.    The inventions claimed in the '663 patent cover more than just the performance of well-understood, routine, or conventional activities known in the art. *See, e.g.,* '663 patent at 1:21-9:41. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 37:**    **BMW NA responds that the '663 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

38.    The '663 patent claims inventions that provide technological solutions to technological problems. The written description of the '663 patent describes in technical detail each of the elements of the claims, including a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

-12-

1     **Answer to Paragraph 38:**     **BMW NA responds that the '663 patent**

2     **speaks for itself.  BMW NA denies the remaining allegations of this**

3     **paragraph, in part based on lack of knowledge.**

4     39.    The written description describes the elements of the claims such that

5     persons of ordinary skill in the art understand what the claims cover and how the

6     non-conventional and non- generic combination of claim elements differ markedly

7     from and improved upon the art. *See, e.g.,* '663 patent at 1:21-9:41.

8     **Answer to Paragraph 39:**     **BMW NA responds that the '663 patent**

9     **speaks for itself.  BMW NA denies the remaining allegations of this**

10    **paragraph, in part based on lack of knowledge.**

11    40.    Technology leaders including Microsoft Technology Licensing LLC,

12    Amazon Technologies, Inc., Samsung Electronics Co., Ltd., and the USPTO have

13    cited the '663 patent family over 20 times. *See*

14    https://patents.google.com/patent/US9645663B2/en (last accessed April 13, 2021);

15    37 CFR 1.104, Nature of Examination ("the examiner must cite the best references

16    at his or her command.").

17    **Answer to Paragraph 40:**     **BMW NA lacks information and**

18    **knowledge regarding the allegations in this paragraph, and on that basis**

19    **denies them.**

20    41.    Viewed in light of the specification of the '663 patent, the claims are

21    not directed to basic tools of scientific and technological work, nor are they directed

22    to a fundamental economic practice. See, e.g., '663 patent at 1:21-12:44. For

23    example, claim 1 of the '663 patent is directed to a display screen having a virtual

24    bezel region and an active touchscreen region, both of which display portions of

25    content but have different modes of response to certain touch-based inputs.

26    **Answer to Paragraph 41:**     **BMW NA responds that the '663 patent**

27    **speaks for itself.  BMW NA denies the remaining allegations of this**

28    **paragraph, in part based on lack of knowledge.**

42.    The claims of the '663 patent are not directed to the use of an abstract mathematical formula. *See, e.g.,* '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 42:**    **BMW NA responds that the '663 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

43.    The claims of the '663 patent are not directed to the use of a general-purpose computer. *See, e.g.,* '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 43:**    **BMW NA responds that the '663 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

44.    The claims of the '663 patent are not directed to implementation of a mathematical formula. *See, e.g.,* '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 44:**    **BMW NA responds that the '663 patent speaks for itself.  BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

45.    The claims of the '663 patent are not directed to generalized steps to be performed on a computer using conventional activity. *See, e.g.,* '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which

display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 45:**     **BMW NA responds that the '663 patent speaks for itself. BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

46.     The claims of the '663 patent are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in our system of commerce. *See, e.g.,* '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 46:**     **BMW NA responds that the '663 patent speaks for itself. BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

47.     The claims of the '663 patent do not take a well-known or established business method or process and apply it to, or using, a general-purpose computer. *See, e.g.,* '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 47:**     **BMW NA responds that the '663 patent speaks for itself. BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

48.     The claims of the '663 patent do not preempt the field of their inventions or preclude the use of other methods and systems because the claims recite specific elements that include more than the performance of well-understood, routine, and conventional activities previously known to the art. See, e.g., '663 patent at 1:21-12:44. For example, claim 1 of the '663 patent is directed to a display

screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 48:** **BMW NA responds that the '663 patent speaks for itself. BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

49. The claims of the '663 patent capture the improvements described and illustrated in the specification. For example, claim 1 of the '663 patent is directed to a display screen having a virtual bezel region and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs.

**Answer to Paragraph 49:** **BMW NA responds that the '663 patent speaks for itself. BMW NA denies the remaining allegations of this paragraph, in part based on lack of knowledge.**

50. Plaintiff is the assignee and owner of the right, title and interest in and to the '663 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**Answer to Paragraph 50:** **BMW NA lacks information and knowledge regarding the allegations in this paragraph, and on that basis denies them.**

51. Upon information and belief, Defendant has and continues to directly infringe at least claims 1-2 of the '663 patent by making, using, selling, importing and/or providing and causing to be used vehicles with electronic devices having touchscreen capabilities, including the use of a virtual bezel (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibit D.

**Answer to Paragraph 51:** **Denied.**

52. The Accused Instrumentalities identified in Exhibit D are examples

-16-

1  that were identified based on publicly available information. Plaintiff reserves its

2  right to identify additional infringing activities, products, and services, including,

3  for example, on the basis of information obtained during discovery and as

4  Defendant introduces new infringing devices through the end of trial.

5  **Answer to Paragraph 52:**      **BMW NA lacks information and**

6  **knowledge regarding the allegations in this paragraph, and on that basis**

7  **denies them.**

8  53.    The Accused Instrumentalities include electronic devices having a

9  display system, the display system including: (a) an active touchscreen region

10  having a touchscreen layer with a first mode of response to touch-based inputs from

11  a user of the electronic device, the active touchscreen region configured to display a

12  first portion of the content on the virtual bezel display screen; (b) a virtual bezel

13  region along one or more edges of the display screen and adjacent to the active

14  touchscreen region, the virtual bezel region having a touchscreen layer with a

15  second mode of response to touch-based inputs from a user of the electronic device,

16  the virtual bezel region configured to display a second portion of content on the

17  display screen; and (c) non-transitory memory storing a gestural software

18  application in communication with the display screen; wherein the second mode of

19  response is configured to selectively interpret touch-based inputs as intentional user

20  input intended to affect the display of the first portion of the content on the active

21  touchscreen region of the display screen. *See* attached claim chart for the '663

22  patent, Exhibit D.

23  **Answer to Paragraph 53:**      **Denied.**

24  54.    On information and belief, these Accused Instrumentalities are used

25  marketed, provided to, and/or used by or for each of Defendant's partners, clients,

26  customers, and end users across the country and in this District.

27  **Answer to Paragraph 54:**      **BMW NA admits that it imports and sells**

28  **BMW brand vehicles to independent dealers in this District.  BMW NA**

1  **denies that it has committed any acts of infringement and denies the**
2  **remaining allegations of this paragraph.**

3      55.    Plaintiff has been harmed by Defendant's infringing activities.

4  **<u>Answer to Paragraph 55:</u>**    **Denied.**

5  <b><u>GENERAL DENIAL</u></b>

6      Except where expressly admitted, each and every allegation contained in the
7  Complaint is denied. BMW NA further states that Plaintiff is not entitled to the
8  relief it seeks and is not entitled to any other relief.

9  <b><u>BMW NA'S DEFENSES</u></b>
10 <b><u>FIRST DEFENSE</u></b>
11 <b>(Failure to State a Claim)</b>

12     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

13 <b><u>SECOND DEFENSE</u></b>
14 <b>(Non-Infringement)</b>

15     BMW NA has not infringed any valid and enforceable claim of either the
16 '917 or '663 patent.

17 <b><u>THIRD DEFENSE</u></b>
18 <b>(Invalidity)</b>

19     The '917 and '663 patents are invalid for failure to comply with the
20 requirements of patentability stated in Title 35, United States Code § 1, *et seq*.,
21 including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112 and for improper
22 inventorship.

23 <b><u>FOURTH DEFENSE</u></b>
24 <b>(License, Patent Exhaustion)</b>

25     Plaintiff's claims for relief are barred in whole or in part by express or
26 implied license or patent exhaustion. By way of non-limiting example, Plaintiff's
27 claims for patent infringement are precluded in whole or in part to the extent that
28 any allegedly infringing products, components thereof, or steps are supplied,

directly or indirectly, to Lenovo or are imported, sold by, offered for sale by, made by, or made for, or performed by any entity or entities having an express or implied license to the asserted patents or by any entity or entities who are otherwise authorized to practice the asserted patents.

### FIFTH DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, including prosecution history laches, estoppel, implied license, unclean hands and/or any other equitable remedy.

### SIXTH DEFENSE

### (Non-exceptional Case)

BMW NA has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

### SEVENTH DEFENSE

### (35 U.S.C. § 287)

Plaintiff's claim for damages for alleged infringement is barred in whole or in part by its failure to comply with 35 U.S.C. § 287.

### RESERVATION OF ADDITIONAL DEFENSES

BMW NA reserves all defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### JURY TRIAL DEMANDED

BMW NA hereby demands a jury trial on all issues so triable in this case.

1    Dated:  October 15, 2021

2                               DLA PIPER LLP (US)

3

4                               By  /s/ *Martin Ellison*

5                             Martin Ellison (CA Bar No. 292060)
                                 martin.ellison@us.dlapiper.com

6                             DLA PIPER LLP (US)
                              2000 Avenue of the Stars

7                             Suite 400, North Tower
                              Los Angeles, CA 90067-4704

8                             Tel:  310.595.3000
                              Fax:  310.595.3300

9                             Attorneys for Defendant
                              *BMW of North America, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28