DEVLIN LAW FIRM LLC
Jeffrey F. Craft (SBN 147186)
jcraft@devlinlawfirm.com
1731 Fox Springs Circle
Newbury Park, CA 91230
Telephone: (302) 449-9010

DEVLIN LAW FIRM LLC
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice*)
ddahlgren@devlinlawfirm.com
Srikant Cheruvu (*pro hac vice*)
scheruvu@devlinlawfirm.com
Mariam Clayton
mclayton@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Onscreen Dynamics, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>          Defendant. | Case No.: 2:21-cv-06796-MCS(AGRx)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Mark C. Scarsi |

Plaintiff and Counterclaim-Defendant, Onscreen Dynamics, LLC ("Onscreen" or "Plaintiff"), by and through its attorneys hereby answer Defendant and Counterclaim-Plaintiff's BMW of North America, LLC ("BMW NA" or "Defendant"), Counterclaim as follows:

<b><u>GENERAL DENIAL</u></b>

Pursuant to Fed. R. Civ. P. 8(b)(3), Plaintiff denies all allegations in Defendant/Counterclaim Plaintiff's Counterclaim except those specifically admitted below.

<b><u>ANSWER TO COUNTERCLAIM</u></b>

1.      Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1-55 of Plaintiff's Complaint.

<b><u>NATURE OF THE LAWSUIT</u></b>

2.      Paragraph 2 contains conclusions of law to which no answer is required.  To the extent an answer is required, Plaintiff explicitly denies the allegations in Paragraph 2.

<b><u>PARTIES</u></b>

3.      Plaintiff admits that Defendant represents that Defendant is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff admits that Defendant represents that Defendant has a place of business at 300 Chestnut Road, Woodcliff Lake, NJ 07677.

4.      Plaintiff admits the allegations in Paragraph 3.

<b><u>JURISDICTION AND VENUE</u></b>

5.      Plaintiff admits the allegations in Paragraph 4.

6.      Plaintiff admits that venue is proper in this Court with respect to BMW and that Plaintiff filed a Complaint in this Court.

7.      Plaintiff admits that this Court has personal jurisdiction over CDN for purposes of this action and that Onscreen filed a Complaint in this Court.

1

## COUNT I

## DECLARATORY JUDGMENT

8.    Plaintiff incorporates herein its responses to the preceding paragraphs.

9.    Plaintiff admits that there is an actual and justiciable controversy between BMW NA and Onscreen concerning infringement, validity, and enforceability with respect to the '917 and '663 patents.

10.    Plaintiff admits that BMW NA purports to seek a declaration that the products made, used, imported, sold or offered for sale by BMW NA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '917 and '663 patents, but denies that BMW NA's claims have any merit.

11.    Plaintiff admits that BMW NA purports to seek a declaration that the '917 and '663 patents are invalid under one or more provisions under Title 35 of the United States Code, including §§ 101, 102, 103, and/or 112, but denies that BMW NA's claims have any merit.

12.    Plaintiff admits that BMW NA purports to seek a declaration that the '917 and '663 patents are unenforceable against BMW NA due to the doctrine of prosecution laches, but denies that BMWNA's claims have any merit.

13.    Plaintiff denies the allegations in Paragraph 13.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant's Prayer for Relief is an averment to which no responsive pleading is required pursuant to Fed. R. Civ. P. 8(d) and is therefore denied.  To the extent a response is required, Onscreen denies that Defendant is entitled to the relief requested.

## DEFENDANT'S JURY DEMAND

Defendant's Demand for Jury Trial is an averment to which no responsive pleading is required pursuant to Fed. R. Civ. P. 8(d) and is therefore denied.

PLAINTIFF'S ANSWER TO COUNTERCLAIM
No.: 2:21-cv-06796-MCS(AGRx)

## DEFENSES

Plaintiff asserts the following defenses to BMW NA's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Plaintiff specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted including, but not limited to, failure of Defendant's Counterclaim to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim as to invalidity fails because Defendant fails to identify art that anticipates or renders invalid the asserted claims of the '917 and '663 patents that was in use or publication prior to the conception date of the inventions embodied in the asserted claims.

## THRID AFFIRMATIVE DEFENSE

Defendant's Counterclaim as to non-infringement fails because Defendant fails to provide any basis that the asserted claims of the '917 and '663 patents are not infringed.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim as to invalidity fails because Defendant fails to provide any basis that the asserted claims of the '917 and '663 patents are invalid for failure to meet the statutory requirements of Title 35 of the United States Code.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by equitable doctrines, including, but not limited to, waiver and/or acquiescence.

PLAINTIFF'S ANSWER TO COUNTERCLAIM
No.: 2:21-cv-06796-MCS(AGRx)

### SIXTH AFFIRMATIVE DEFENSE

Defendant is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

### RESERVATION OF ADDITIONAL DEFENSE

Onscreen reserves the right to assert any additional legal or equitable defense or claim which may now exist or in the future may be available based on discovery and further factual investigation in this case.

Defendant's Counterclaim should be dismissed and, instead, Plaintiff is entitled to the relief requested in its Complaint asserted against Defendant for direct and indirect infringement of the '917 and '663 patents, which are incorporated herein by reference.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.     A judgment denying BMW NA any and all of its request relief, and any other relief, and dismissing BMW NA's Counterclaim in its entirety with prejudice;

B.     A judgment that for each and every claim of the '917 patent and the '633 patent, BMW NA has not proven them invalid;

C.     A judgment in favor of Onscreen that BMW NA has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '917 patent and the '633 patent;

D.     An award of damages to be paid by BMW NA adequate to compensate Onscreen for BWM NA's past infringement of the '917 patent and the '633 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

PLAINTIFF'S ANSWER TO COUNTERCLAIM
No.: 2:21-cv-06796-MCS(AGRx)

1   E.  A judgment that this case is exceptional under 35 U.S.C. § 285, and

2 an award of Onscreen's reasonable attorneys' fees; and

3   F.  An award to Onscreen of such further relief at law or in equity as the

4 Court deems just and proper.

5

6 Dated: November 5, 2021     Respectfully submitted,

7

8           DEVLIN LAW FIRM LLC

9           */s/Jeffrey F. Craft*

            Jeffrey F. Craft (SBN 147186)

10          1731 Fox Springs Circle

11          Newbury Park, CA 91320

            Telephone:  (302) 449-9010

12          jcraft@devlinlawfirm.com

13

14          Timothy Devlin (*pro hac vice*)

            tdevlin@devlinlawfirm.com

15          Derek Dahlgren (*pro hac vice*)

            ddahlgren@devlinlawfirm.com

16          Srikant Cheruvu (*pro hac vice*)

17          scheruvu@devlinlawfirm.com

            Mariam Clayton (*pro hac vice*)

18          mclayton@devlinlawfirm.com

19          1526 Gilpin Avenue

            Wilmington, Delaware 19806

20          Telephone:  (302) 449-9010

21          Facsimile:  (302) 353-4251

22          *Attorneys for Plaintiff*

            *Onscreen Dynamics, LLC*

23

24

25

26

27

PLAINTIFF'S ANSWER TO COUNTERCLAIM
No.: 2:21-cv-06796-MCS(AGRx)

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on November 5, 2021

*/s/Jeffrey F. Craft*
Jeffrey F. Craft

PLAINTIFF'S ANSWER TO COUNTERCLAIM
No.: 2:21-cv-06796-MCS(AGRx)